PHILLIP A. TALBERT
Acting United States Attorney
RUSS K. NAUGHTON
KEVIN C. KHASIGIAN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>    v.<br><br>PHILLIP CHAO, et al.,<br><br>       Defendants. | 2:14-CR-00220 KJM<br><br>STIPULATION AND APPLICATION FOR FINAL ORDER OF FORFEITURE |

IT IS HEREBY STIPULATED, by and between plaintiff United States of America and petitioner Mingdan Wei (hereinafter "Wei" or "petitioner"), to compromise and settle her interest in the Approximately $20,000.00 in U.S. Currency, and to consent to the entry of a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(a).

    1.    The United States hereby incorporates by reference, as though fully set forth herein, all of its averments contained in its Application for Preliminary Order of Forfeiture and Publication Thereof filed on January 26, 2016.

    2.    On or about February 3, 2016, the Court entered a Preliminary Order of Forfeiture, forfeiting to the United States all right, title, and interests of defendant Phillip Chao in the following property:

    (a)    Approximately $58,109.00 in U.S. Currency,
    (b)    Approximately $25,060.00 in U.S. Currency,
    (c)    2012 Mercedes ML 350, VIN: 4JGDA5HB5CA025035, California License Number: 7ETE651,

      (d)    2011 BMW 528i, VIN: WBAFR1C5XBDV82761, California License Number: 6YWZ998,
      (e)    $7,000.00 in U.S. Postal Service Money orders,
      (f)    Approximately $18,795.00 in U.S. Currency, and
      (g)    Approximately $20,000.00 in U.S. Currency.

3. Pursuant to 21 U.S.C. § 853(n) and Local Rule 171, third parties asserting a legal interest in the above-listed forfeited property are entitled to a judicial determination of the validity of the legal claims or interests they assert.

4. Beginning on February 4, 2016, for at least 30 consecutive days, the United States published notice of the Court's Order of Forfeiture on the official internet government forfeiture site www.forfeiture.gov. Said published notice advised all third parties of their right to petition the Court within sixty (60) days from the first day of publication of the notice for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property. A Declaration of Publication was filed on March 7, 2016.

5. The United States sent direct written notice by certified mail to the following individuals known to have an alleged interest in the above-described property:

      (a)    Wei Hu
      (b)    Mingdan Wei
      (c)    Karly Li

6. On February 8, 2016, Mingdan Wei filed a timely petition alleging an interest in the Approximately $20,000.00 in U.S. Currency. No other third party has filed a claim to the subject property and the time for any person or entity to file a claim has expired.

7. The parties hereby stipulate that Mingdan Wei has a legal right, title, or interest to $9,000.00 of the Approximately $20,000.00 in U.S. Currency, and such right, title, or interest requires the Court to amend the Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(c)(2) to account for her interest, because such interest was vested in her rather than defendant Phillip Chao the time of the commission of the acts which give rise to the forfeiture of currency. *See* 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c) (incorporating 21 U.S.C. § 853(n)). The parties further stipulate, however, that Phillip Chao has an ownership interest in the assets and the Preliminary Order of Forfeiture remains valid to the extent it orders the forfeiture of his interest.

8. Petitioner Mingdan Wei hereby releases plaintiff United States and its servants, agents,

and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the forfeiture of the currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said forfeiture and sale, as well as to those now known or disclosed.  The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

9.   All parties are to bear their own costs and attorneys' fees, if any.

Dated:   6-23-16                                BENJAMIN B. WAGNER
                                                United States Attorney

                                                 /s/ Kevin C. Khasigian
                                                KEVIN C. KHASIGIAN
                                                Assistant U.S. Attorney


Dated:   6-22-16                                 /s/ Daniel Malakauskas
                                                DANIEL MALAKAUSKAS
                                                Attorney for Petitioner Mingdan Wei
                                                (Original signature retained by attorney)

## ORDER

The Court having received, read, and considered the foregoing Stipulation of the parties, and good cause appearing therefrom, the Stipulated Settlement is hereby ADOPTED and APPROVED, and the Court hereby enters a Final Order of Forfeiture on the terms set forth in the parties' Stipulated Settlement.

Accordingly, it is hereby ORDERED and ADJUDGED:

1.   A Final Order of Forfeiture shall be entered forfeiting to the United States of America all right, title, and interest in the below-listed assets, pursuant to 21 U.S.C. § 853(a), to be disposed of according to law, including all right, title, and interest of Phillip Chao.

2.   All right, title, and interest in the below-listed assets, shall vest solely in the name of the United States of America:

(a)   Approximately $58,109.00 in U.S. Currency,
(b)   Approximately $25,060.00 in U.S. Currency,

      (c)    2012 Mercedes ML 350, VIN: 4JGDA5HB5CA025035, California License Number: 7ETE651,
      (d)    2011 BMW 528i, VIN: WBAFR1C5XBDV82761, California License Number: 6YWZ998,
      (e)    $7,000.00 in U.S. Postal Service Money orders,
      (f)    Approximately $18,795.00 in U.S. Currency, and
      (g)    $11,000.00 of the Approximately $20,000.00 in U.S. Currency.

3. The U.S. Marshals Service shall maintain custody of and control over the assets listed in (a)-(e) above and U.S. Customs and Border Protection shall maintain custody of and control over the assets listed in (f) and (g) until they are disposed of according to law.

4. Within 60 days of the Final Order of Forfeiture, the U.S. Customs and Border Protection shall return $9,000.00 of the Approximately $20,000.00 in U.S. Currency to petitioner Mingdan Wei, through her attorney Daniel Malakauskas.

SO ORDERED this 25th day of July, 2016.

_____
UNITED STATES DISTRICT JUDGE