PHILLIP A. TALBERT
Acting United States Attorney
PAUL HEMESATH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>          v.<br><br>JIN HUI ZHAO,<br><br>                Defendant. | CASE NO. 2:14-CR-00220-KJM<br><br>PLEA AGREEMENT<br><br>DATE:<br>TIME: 9:00 a.m.<br>COURT: Hon. Kimberly J. Mueller |

## I.     INTRODUCTION

### A.     Scope of Agreement

The Superseding Information in this case charges the defendant with a violation of 18 U.S.C. § 4 – Misprision of a Felony. This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B.     Court Not a Party

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities that may not have been charged in

1

the Superseding Information  The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement.  The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.   DEFENDANT'S OBLIGATIONS

### A.   Guilty Plea

The defendant will plead guilty to the only charge in the Superseding Information, Misprision of a Felony in violation of Title 18, United States Code, Section 4.  The defendant agrees that he is in fact guilty of this charge and that the facts set forth in the Factual Basis For Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case.  The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement.  The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

The defendant acknowledges that the crime to which he is pleading guilty is listed in 18 U.S.C. § 3143(a)(2), and agrees that he will be remanded into custody upon the entry of his plea.

### B.   Sentencing Recommendation

The defendant will argue for a time-served sentence.

**C.      Special Assessment**

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing.

**D.      Defendant's Violation of Plea Agreement or Withdrawal of Plea**

If the defendant, violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government.  The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein.  One way a defendant violates the plea agreement is to commit any crime or provide any statement or testimony which proves to be knowingly false, misleading, or materially incomplete.  Any post-plea conduct by a defendant constituting obstruction of justice will also be a violation of the agreement.  The determination whether the defendant has violated the plea agreement shall be decided under a probable cause standard.

If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement.  The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice.  The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision to exercise the options stated in the previous paragraph.  Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions.  The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth

Amendment to any counts that were not time-barred as of the date of this plea agreement.

In addition: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

### III.   THE GOVERNMENT'S OBLIGATIONS

**A.   Recommendations**

   1.   Incarceration Range

The government will recommend that the defendant be sentenced to a time-served sentence.

   2.   Acceptance of responsibility

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if he clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

**B.   Use of Information for Sentencing**

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV.    ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of 18 U.S.C. § 4 – Misprision of a Felony, Manufacture of Marijuana, in violation of 21 U.S.C. § 841(a)(1), the offense to which the defendant is pleading guilty:

1.   The principal committed and completed the felony alleged (here, manufacture of marijuana);

2.   The defendant had full knowledge of that fact;

3.   The defendant failed to notify the authorities; and

The defendant fully understands the nature and elements of the crimes charged in the Superseding to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V.    MAXIMUM SENTENCE

### A.    Maximum penalty

The maximum sentence that the Court can impose as to the single count in the Superseding Information is three years of incarceration, a fine of $250,000, a one-year period of supervised release, and a special assessment of $100.  By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific counts to which the defendant is pleading guilty.  The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

### B.    Violations of Supervised Release

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to one year of additional imprisonment per revocation.

## VI.    SENTENCING DETERMINATION

### A.    Statutory Authority

The defendant understands that the Court must consult the Federal Sentencing Guidelines and

must take them into account when determining a final sentence.  The defendant understands that the

Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the

Sentencing Guidelines and must take them into account when determining a final sentence.  The

defendant further understands that the Court will consider whether there is a basis for departure from the

guideline sentencing range (either above or below the guideline sentencing range) because there exists

an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into

consideration by the Sentencing Commission in formulating the Guidelines.  The defendant further

understands that the Court, after consultation and consideration of the Sentencing Guidelines, must

impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

**B.** **The recommendations of the parties.**

As previously stated, the parties will both recommend to the Court that the defendant be

sentenced to a time-served sentence, a period of supervised release of three years, and a special

assessment of $100.

## VII.   WAIVERS

**A.** **Waiver of Constitutional Rights**

The defendant understands that by pleading guilty he is waiving the following constitutional

rights:  (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to

be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative

defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of

conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to

testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be

compelled to incriminate himself.

**B.** **Waiver of Appeal and Collateral Attack**

The defendant understands that the law gives the defendant a right to appeal his guilty plea,

conviction, and sentence.  The defendant agrees as part of his plea/pleas, however, to give up the right to

appeal the guilty plea, conviction, and the sentence imposed in this case.  The defendant understands

that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the

defendant's conviction and guilty plea, including arguments that the statutes to which defendant is

1  pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this

2  agreement is insufficient to support the defendant's plea of guilty.  The defendant specifically gives up

3  the right to appeal any order of restitution the Court may impose.

4       Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if

5  one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the

6  statutory maximum; and/or (2) the government appeals the sentence in the case.  The defendant

7  understands that these circumstances occur infrequently and that in almost all cases this Agreement

8  constitutes a complete waiver of all appellate rights.

9       In addition, regardless of the sentence the defendant receives, the defendant also gives up any

10  right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any

11  aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

12       If the defendant ever attempts to vacate his plea, dismiss the underlying charges, or modify or set

13  aside his sentence on any of the counts to which he is pleading guilty, the government shall have the

14  rights set forth in paragraph II.D (Defendant's Violation of Plea Agreement) herein.

15      **C.**    **Impact of Plea on Defendant's Immigration Status**

16       Defendant recognizes that pleading guilty may have consequences with respect to his

17  immigration status if he is not a citizen of the United States.  Under federal law, a broad range of crimes

18  are removable offenses, including the offense to which the defendant is pleading guilty.  The defendant

19  and his counsel have discussed the fact that the charge to which the defendant is pleading guilty may be

20  an aggravated felony, or a crime that is likely to be determined to be an aggravated felony under 8 USC

21  § 1101(a)(43), and that while there may be arguments that defendant can raise in immigration

22  proceedings to avoid or delay removal, it is entirely possible that defendant will be removed.  The

23  government offers no assurances as to the effect of this conviction on defendant's immigration status,

24  and defendant agrees that he is not relying on any government opinion in making his decision to plead

25  guilty.  Defendant has represented to the government that he has retained immigration counsel and has

26  received an opinion as to the immigration risks inherent in pleading guilty.  Removal and other

27  immigration consequences are the subject of a separate proceeding, however, and defendant understands

28  that no one, including his attorney or the district court, can predict to a certainty the effect of his

PLEA AGREEMENT        7

conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

**VIII.     ENTIRE PLEA AGREEMENT**

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

**IX.     APPROVALS AND SIGNATURES**

**A.     Defense Counsel**

I have read this plea agreement and have discussed it fully with my client.  The plea agreement accurately and completely sets forth the entirety of the agreement.  I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: _June 10, 2021_

_____
Colin Cooper
Counsel for Defendant

**B.     Defendant**

I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case.  No other promises or inducements have been made to me, other than those contained in this plea agreement.  In addition, no one has threatened or forced me in any way to enter into this plea agreement.  Finally, I am satisfied with the representation of my attorney in this case.

Dated: _June 10, 2021_

_____
JIN HUI ZHAO, Defendant

/ / /

/ / /

**C.     Interpreter/Translator**

I declare that I am a Chinese-English interpreter/translator. On June 10, 2021, I read the entire contents of the foregoing plea agreement to Jin HUI ZHAO, translating the document from English to Chinese.

Dated:   6/10/2021                                  _Kitty Shek_
                                                   Interpreter/Translator

**D.     Attorney for the United States**

I accept and agree to this plea agreement on behalf of the government.

Dated:   8/9/2021                    PHILLIP A. TALBERT
                                     Acting United States Attorney

                            By: _____
                                 PAUL HEMESATH
                                 Assistant United States Attorney

**EXHIBIT "A"**
**Factual Basis for Plea**

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

Defendant Jin Hui ZHAO worked with others to manufacture and distribute marijuana in the period between approximately January and July 2014.  ZHAO was present in a residence—2803 Keyser Drive in Stockton, California—on numerous occasions during that time period.  ZHAO knew that marijuana was being grown at the residence.

During this same time period, ZHAO was also present at other locations that were maintained by the same principals for the purpose of growing marijuana.

On July 1, 2014, law enforcement officials executed a search warrant at 5211 Agapanthus Court.  During the search, investigators located an active indoor marijuana grow with 432 marijuana plants.  ZHAO was aware of the marijuana-growing activity going on at that address.

Despite having full knowledge of the felony being committed, ZHAO failed to inform authorities.

I, Jin Hui Zhao, have been fully advised of my rights and have read the above factual basis for plea.  I agree to the facts and stipulations contained therein, and I adopt it as my own true statement.

Dated: ___June 10, 2021___          _____
                                         JIN HUI ZHAO, Defendant