COLIN L. COOPER, SBN 144291
KELLIN R. COOPER, SBN 172111
COOPER LAW OFFICES
800 Jones Street
Berkeley, CA 94710
Telephone: (510) 558-8400
Facsimile: (510) 558-8401

Attorneys for Defendant
JIN HUI ZHAO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-CR-00220-KJM-9 |
| Plaintiff, | |
| vs. | SENTENCING MEMORANDUM |
| | Date: November 8, 2021 |
| JIN HUI ZHAO, | Time: 9:00 a.m. |
| Defendant. | |
| | Honorable Kim Mueller |

## INTRODUCTION

Mr. ZHAO is a 35-year-old man and the father of a seven-year-old daughter. His involvement in the instant offense occurred almost eight years ago, in early 2014. In 2019, he learned there was a warrant issued for his arrest for this 2014 incident. Mr. ZHAO immediately surrendered to law enforcement and was released from custody. He has performed perfectly on pretrial release and his performance proves he has the capacity to reform.

## STATEMENT OF FACTS

Mr. ZHAO was initially charged in one count of a four-count Indictment filed on August 14, 2014. He was arrested on November 28, 2019. On August 16, 2021, Mr. ZHAO pled guilty to a

single count Superseding Information charging him with misprision of a felony, in violation of 18 U.S.C. § 4. Both the AUSA and Probation recommend a credit for time served sentence.

## PERSONAL HISTORY OF MR. ZHAO

Mr. ZHAO is 35 years old and has never been arrested before. He has a seven-year-old daughter. He was born in China and moved to San Francisco in 2009. He currently lives in San Leandro and works full-time at Maple Tree Corporation in Hayward.

The instant arrest has been an epiphanous moment for Mr. ZHAO. He has been pursuing every possible avenue of rehabilitation while on pre-trial release, has been employed, and been responsive to every request and order of pretrial services. Mr. ZHAO makes no excuses for his conduct, is incredibly remorseful, and remains positive in his outlook on life. Mr. ZHAO has the continued support of his family. Mr. Zhao is fully committed to leading a law-abiding and productive life.

## ARGUMENT

**A. WHEN CONSIDERING ALL OF THE RELEVANT FACTORS IN 18 U.S.C. § 3553, A SENTENCE OF CREDIT FOR TIME SERVED IS APPROPRIATE FOR MR. ZHAO.**

The ultimate goal of the court at sentencing is to impose a sentence that is reasonable. See *United States v. Carty*, 520 F.3d 984, 990-994 (9th Cir. 2008); *United States v. Mohamed*, 459 F.3d 979, 987 (9th Cir. 2006). A defendant's guideline range is a starting point, but there is no presumption that the guideline sentence is correct.  See Carty, 520 F.3d at 90-91; see generally *United States v. Miqbel,* 444 F.3d 1173, 1175 fn. 1 (9th Cir. 2006) (All sentencing guidelines and policy statements are advisory). Moreover, sentencing courts have the authority to disagree with the guideline range on policy grounds. (*See Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007).) In *Kimbrough*, the Supreme Court held that sentencing courts could disagree with the guideline sentence for defendants convicted of possessing crack cocaine because the

100 to 1 sentencing disparity for crack and powder cocaine was not based on empirical study, but rather on mandatory minimums set by Congress. (Kimbrough, 552 U.S. at 109-10.)

As the probation department and the parties agree, Mr. ZHAO's guideline range is 0-6 months. The government will be making a sentencing recommendation of credit for time served. The Probation department recommends a sentence of credit for time served, too.

There is no limitation to the information that a court may consider when determining an appropriate sentence. See 18 U.S.C. § 3661; U.S.S.G § 1B1.4. The court's discretion is guided by 18 U.S.C. § 3553, which sets forth several factors that should be considered. Specifically, the court should consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for-- (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-- (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; …; (5) any pertinent policy statement-- (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28 United States Code, subject to any amendments made to such policy statement by act of Congress …. (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

In the instant action, and when all of the relevant factors are considered, Mr. ZHAO should receive a sentence of credit for time served. Given Mr. ZHAO's lack of a criminal

record and the facts of the instant offense. A credit for time served sentence is sufficient to "reflect the seriousness of the offense, promote respect for the law, [] provide just punishment", and protect the public.

Mr. ZHAO still has a strong support system and he has demonstrated that he can be a productive member of society. Moreover, Mr. ZHAO is one of the most genuinely contrite defendants I have ever represented. He has expressed remorse and contrition every time I have met with him and every time I have discussed this case with him. He will spend his remaining days doing all he can to redeem himself in the eyes of his family and his community.

Thus, considering all of the relevant characteristics it is requested that Mr. ZHAO be sentenced to credit for time served which is a sufficient punishment to meet the requirements of 18 U.S.C. § 3553.

## **CONCLUSION**

Mr. ZHAO now respectfully requests that this court impose a sentence of 60 months.

Respectfully Submitted,

COOPER LAW OFFICES

Dated: October 29, 2021

_____/s/_____
COLIN COOPER
Attorney for Defendant
JIN HUI ZHAO